Robert H. DAVIS, Appellant,

v.

BOARD OF PAROLE OF the DEPARTMENT OF JUSTICE OF the UNITED STATES, Appellee.

No. 16933.

United States Court of Appeals
District of Columbia Circuit.

Submitted June 14, 1962.

Decided June 28, 1962.

Mr. Charles Bragman, Washington, D. C., submitted on the brief for appellant.

Asst. Atty. Gen. Burke Marshall, Messrs. David C. Acheson, U. S. Atty., and Harold H. Greene, Attorney, Department of Justice, submitted on the brief for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court dismissing on motion of the Board of Parole of the Department of Justice of the United States, defendant in the District Court, a complaint for a declaratory judgment and mandatory injunction. The order recited that it appeared to the court that it should not exercise its discretion to entertain the complaint. The plaintiff, our appellant, is a prisoner in the Federal Penitentiary at Atlanta, Georgia. By his suit he seeks a determination, with consequent relief, that he has served one-third of the sentence imposed upon him by the United States District Court for the Southern District of Florida, and that he is therefore eligible to apply to the Board and be considered for parole, a position which the Board has declined to entertain. His claim that he has served one-third of his sentence is based upon his position that the Judgment and Commitment of the sentencing court, which in terms refers to his sentences as "consecutive," should be construed as "concurrent" in view of oral statements of the sentencing court made at the time of sentencing.

■ That a "judicial discretion" resides in the court not to entertain a suit for a declaratory judgment is well settled. The subject was recently discussed in the opinion of the Supreme Court in the case of Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604.

■ Since the interpretation or correction of the Judgment and Commitment, or of the sentences, of the court which tried and sentenced appellant, is obviously more appropriate for that court than for the District Court of this jurisdiction, cf., e. g., Rule 36 Fed.R. Crim.P., 18 U.S.C.A., our District Court properly exercised its discretion not to entertain the complaint.

Affirmed.